## Anna Alchenburger et al. v. Freundschaft Lodge No. 72, D. O. H., et al.

### Gen. No. 13,564.

SECRET SOCIETY—*when seceders from, not entitled to fund of.* Members of a lodge who secede therefrom and form another organization have no right to the funds of such lodge if the same represents a branch of a larger organization to which it owes allegiance, where such lodge continues in existence, recognized by the larger organization, with enough members to constitute a lodge—its proceedings being regular.

Bill for injunction. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Decree modified. Opinion filed December 24, 1907.

AMMEN, HUMPHREY & JOYNER, for appellants.

SOL. LEVISOHN, for appellees; ISRAEL COWEN, of counsel.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The controversy in this case is over the funds, records and property of Freundschaft Lodge, No. 72, Deutscher Orden der Harugari, known as D. O. H., on September 18, 1904, and the right of said lodge or any of the complainants to an injunction restraining

Freundschaft Lodge, No. 1, Hertha Schwestern von Illinois, known as H. S. I., and the other defendants from using or employing the words "Freundschaft Lodge," "Hertha Schwestern" or "Hertha."

Fredericka Beyer filed in the Superior Court her amended bill of interpleader, alleging that funds of said lodge amounting to about $2,000 were in her possession; that a large number of the members of said lodge had seceded therefrom and incorporated a lodge under the name of Freundschaft Lodge, No. 1, Hertha Schwestern von Illinois; that both of said lodges claimed said funds. The defendants to said bill of interpleader were both of said lodges and the members of each respectively by name.

October 5, 1904, said Freundschaft Lodge, No. 72, D. O. H., filed its bill of complaint against said Freundschaft Lodge, No. 1, H. S. I., and others, and an answer to the bill, a cross-bill, an answer thereto were filed. A stipulation was entered into and filed in the cause, which provides that said Freundschaft Lodge, No. 72, D. O. H., fifteen members thereof therein named, the United States Grand Lodge, D. O. H., and the Grand Lodge of Illinois, D. O. H., shall be deemed and treated as complainants in the original bill and defendants to the cross-bill; that said Freundschaft Lodge, No. 1, H. S. I., and ninety-seven members thereof therein named shall be deemed and treated as defendants to the original bill and complainants in the cross-bill; that all questions of pleading shall be waived; that all proofs shall be "admitted and considered by the court that would be admissible under any bill or cross-bill or answer or petition, whether original or amended, or supplemental or intervening, or in any other form, that might be filed in said suit, and the hearing and decision and decree of the court shall be upon the facts thus shown, without reference to any question or questions of pleading whatsoever, and such relief may be granted as may be warranted by the proof, irrespective of any and every question of pleading."

The stipulation does not mention the bill of inter-pleader, but the decree orders that said Beyer suit, No. 239,566, be consolidated and heard with said cause, and that all questions involved therein be determined by the decree in said cause.

The decree gives to said Freundschaft Lodge, No. 72, D. O. H., the property and funds in controversy, enjoins the defendants from employing the name "Freundschaft Lodge" or the name of "Hertha Schwestern" or "Hertha" in any combination what-ever, dismisses for want of equity the cross-bill, and the defendants appealed.

From 1860 to 1869 there were in the United States two voluntary associations, each with a United States grand lodge and certain state grand lodges, the one known as the "Ancient Order of Harugari," the other as the "Independent German Order of Harugari." In January, 1869, the two associations, or orders, if it can be said that there were in the United States be-fore such union two orders of Harugari, were merged and united into an order under the name of the "Deutscher Order der Harugari." Since said union there has been but one United States grand lodge of Harugari, the Grand Lodge of the Order D. O. H. The United States Grand Lodge, D. O. H., has never been incorporated, but remains in existence as the supreme grand lodge of the order in the United States, to which all state grand lodges are subject.

The "Independent German Order of Harugari" granted a charter to the Illinois grand lodge of that order October 7, 1863, under which charter an Illinois grand lodge was organized, which met from year to year under that name, up to 1869.

March 26, 1869, the legislature of Illinois granted a charter to certain persons to become a corporation under the name of "The Grand Lodge of the Inde-pendent German Order of Harugari of the State of Illinois." The "Independent German Order of Haru-gari" was, by the union of the two United States grand

lodges, in January, 1869, merged in the Order D. O. H., and thereafter ceased to exist as an order. We think the evidence shows that the grand lodge of Illinois did not accept at its meeting in August, 1869, or afterwards, the special charter, but remained, until incorporated, under the general law, a voluntary association, and as such voluntary association became the Illinois Grand Lodge, D. O. H. It has, under that name, continued to meet each year since 1869, and has been and is recognized by the United States Grand Lodge, D. O. H., as the Illinois Grand Lodge of the Order D. O. H.

It is not contended that there have been at any time in Illinois two associations or organizations, each claiming to be the Illinois Grand Lodge, D. O. H. The controversy as to the Illinois grand lodge of the order relates only to the question of the incorporation of that lodge.

In 1873 the grand lodge of Illinois attempted to incorporate under the general law by the name of "Grand Lodge of the German Order of Harugari of Illinois." In 1877 it caused a corporation to be organized under the general law by the name of the "Grossloge des Deutschen Ordens der Harugari des Staates Illinois." In 1886 proceedings were taken to consolidate the corporation created under the special act of 1869, with the corporation created under the general law in 1877. As to the validity or effect of the attempts to incorporate the grand lodge of Illinois under the general law, or of the consolidation proceedings had in 1886, we do not deem it necessary to inquire or determine further than to say that, in our opinion, for the reasons already stated, the consolidation proceedings of 1886 do not confer, either upon the grand lodge of Illinois, or the complainant lodge, the special powers and privileges mentioned in the special act of 1869. The rights of the parties to this controversy to the funds and property in question depend upon the law of the Order D. O. H., and not upon any act of the legislature of Illinois.

Complainant lodge was chartered in 1895 by the Grand Lodge of Illinois, D. O. H., under authority conferred on that lodge by the United States Grand Lodge, D. O. H., and with the consent of the United States grand lodge. It owed allegiance to the grand lodge of the state and to the United States grand lodge. Each member of the lodge, on becoming a member, consented to be governed by the law of the order, and the question here is not which party in complainant lodge had the majority at the time the defendant members thereof seceded from said lodge, but is, which is right according to the law by which the lodge and its members consented to be governed.

The Hertha grade or degree for women was provided for by the constitution prescribed by the United States Grand Lodge, D. O. H., for state grand lodges, which provided, in substance, that the provisions of the constitution for men's lodges should, so far as applicable, apply to Hertha lodges. Under that constitution, when a charter of a subordinate lodge is surrendered, it is the duty of the officer in charge of the funds, records and property of the lodge to deliver the same to the state grand lodge, and it is the duty of the state grand lodge to keep such funds separate and apart from the funds of such grand lodge for three years, within which time, upon petition of five or more former members of such lodge, the charter may be returned, and with it "the effects which said lodge had at the time of its dissolution."

September 18, 1904, at a meeting of complainant lodge, a resolution that "We sever our connection with the Order of Harugari" was adopted by the votes of all the members but five, according to the minutes, or six or seven, according to the testimony of some witnesses. The majority then, at the same meeting, organized Freundschaft Lodge, No. 1, and elected officers, and afterwards organized and incorporated Freundschaft Lodge, No. 1, Hertha Schwestern von Illinois. Later they, with others, organized and incorporated

the Illinois Grand Lodge of Hertha Schwestern von Illinois. We think that the action of the majority was evidence of their intention to withdraw from complainant lodge and from the Order of Harugari, that by such action they ceased to be members of complainant lodge and of the Order D. O. H.

The proceedings of the minority who remained members were, so far as they appear, regular. Their number exceeded the number of members required to form a lodge; they at once elected officers, the charter was delivered to them as the lodge, and they have ever since been recognized by the grand lodge of the state and by the Grand Lodge of the United States, D. O. H., as Fruendschaft Lodge, No. 72, D. O. H.

We think that the chancellor properly held that complainant lodge was entitled to all the funds, records and property of said lodge at the time of the separation of the defendants therefrom, and properly dismissed the cross-bill.

So much of the decree as enjoined the defendants from using or employing the name of "Freundschaft Lodge," or the name of "Hertha Schwestern" or "Hertha" cannot, we think, be sustained. Complainants have no exclusive right to either the word "Freundschaft" or the word "Lodge," or to the two in combination, or to the word "Hertha." No right of complainants, or any of them, was violated or interfered with by giving to the new order the name "Hertha Schwestern von Illinois," or to the new lodge the name "Freundschaft Lodge, No. 1, H. S. I."

So much of the decree as restrains the defendants from "employing the name of 'Freundschaft Lodge' or the name of 'Hertha Schwestern' or 'Hertha' in any combination whatever" will be reversed; in all other things the decree will be affirmed. The costs of this court will be adjudged against the appellees, other than the United States Grand Lodge, D. O. H., and the Illinois Grand Lodge, D. O. H.

*Decree modified.*